**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4404

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES E. JONES,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Catherine C. Blake, District Judge. (1:05-cr-00331-CCB)

Submitted:  September 12, 2007       Decided:  September 24, 2007

Before NIEMEYER and TRAXLER, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Gary W. Christopher, First Assistant Federal Public Defender, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Gregory Welsh, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James E. Jones was convicted by a jury of two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and was sentenced to 262 months' imprisonment, three years of supervised release, and a $100 assessment. On appeal, he argues (1) that the district court erred in finding him competent to stand trial, and (2) that the district court abused its discretion in excluding him from the courtroom during his jury trial. For the reasons that follow, we affirm.

This court reviews a district court's competency determination for clear error. United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992). A defendant shall be considered incompetent if the district court finds, "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d) (West 2000 & Supp. 2007). The defendant bears the burden of establishing his incompetence. United States v. Robinson, 404 F.3d 850, 856 (4th Cir.), cert. denied, 546 U.S. 916 (2005).

Jones' statements indicate that he is among a growing number of prisoners adhering to a "flesh and blood" sovereign man philosophy. See United States v. Mitchell, 405 F. Supp. 2d 602,

603-06 (D. Md. 2005) (describing the theory, its sources, and its anti-government movement predecessors). Adherence to an ill-advised, self-defeating legal strategy does not indicate incompetence to stand trial. <u>United States v. Banks</u>, 482 F.3d 733 (4th Cir. 2007). Competency determinations turn only on the capacity to understand and assist, and not on the willingness to do so. <u>See</u> <u>Bell v. Evatt</u>, 72 F.3d 421, 432 (4th Cir. 1995). The district court found Jones competent based on the unrebutted report of the mental health staff at the Federal Correctional Institution in Butner, North Carolina, which issued after six weeks of observation and evaluation. That medical report is persuasive evidence. <u>See</u> <u>United States v. General</u>, 278 F.3d 389, 398 (4th Cir. 2002). We therefore find no error in the district court's competency determination.

Jones also challenges the district court's order excluding him from the courtroom for disruptive behavior during his trial. We review that order for abuse of discretion. <u>See</u> <u>Illinois v. Allen</u>, 397 U.S. 337, 343 (1970). "[A] defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." <u>Id.</u>; Fed.

R. Crim. P. 43(c).  Based on our review of the record, we find that Jones' exclusion from the courtroom was not an abuse of discretion.

We therefore affirm Jones' convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>